[Crim. No. 2511. First Dist., Div. One. Mar. 30, 1948.]

THE PEOPLE, Respondent, v. JOHN J. COSTON, Appellant.

Alfred J. Hennessy for Appellant.

Fred N. Howser, Attorney General, David K. Lener and Charles A. Linn, Deputy Attorneys General, for Respondent.

BRAY, J.—Defendant was convicted of murder in the first degree, with recommendation of life imprisonment. This conviction was affirmed in *People* v. *Coston,* 82 Cal.App.2d 23 [185 P.2d 632]. Thereafter, he moved the superior court to vacate and set aside the judgment of conviction, claiming that the information upon which the conviction was based charged second degree murder only. This contention is made on the ground that, although the information is in the usual form and charged that the defendant "did willfully, unlawfully, feloniously and with malice aforethought murder" one White, a human being, it is insufficient because the "elements of deliberation and premeditation were entirely omitted."

We had supposed that if there is one thing well established in the law of California, it is that the form of information for the charge of murder followed in this case is completely sufficient. That the contention made here is utterly without merit is shown by the fact that in *People* v. *Fowler,* 178 Cal. 657 [174 P. 892], and again as late as 1945, in *People* v. *Mendez,* 27 Cal.2d 20 [161 P.2d 929], the Supreme Court flatly held against the identical contention made by defendant. In the Mendez case, the court said (p. 23): "The defendant's second contention is that the charge as worded in the information foreclosed a finding of anything more than second degree murder. His theory is that the court

could not convict him of first degree murder unless the information so specified, that is, that the language defining first degree murder—willful, deliberate and premeditated—must appear as part of the charge of murder.

"Murder is defined by section 187 of the Penal Code as the 'unlawful killing of a human being, with malice aforethought.' The degrees of murder are defined by section 189. . . .

"The charge, which was substantially in the language of section 187 defining murder, was sufficient. (Pen. Code, § 952; *People* v. *Witt,* 170 Cal. 104 [148 P. 928].) The degree of the murder was not required to be included in the charge. It is an issue of fact for the jury under the plea of 'not guilty' (Pen. Code, §§ 1041, 1042). It is a matter, together with the penalty to be imposed, which must be determined by the court on competent evidence before passing sentence under a plea of 'guilty' (Pen. Code, § 1192; *People* v. *Bellon,* 180 Cal. 706 [182 P. 420]; *People* v. *Gilbert,* 22 Cal.2d 522 [140 P.2d 9]; *People* v. *Paraskevopolis,* 42 Cal. App. 325 [183 P. 585]). Under the charge as worded in the information either the jury or the court, exercising their respective functions, could find that the defendant was guilty of first degree murder if the evidence warranted that finding."

It is true that in *People* v. *Thomas,* 25 Cal.2d 880 [156 P.2d 7], the court said that the phrase "malice aforethought" is not synonymous with " 'willful, deliberate and premeditated' intent" and that "Implications to the contrary" in *People* v. *Fowler, supra,* "are disapproved." However, the court made this statement in holding a certain instruction erroneous, and was not considering the question of pleading at all. The Mendez case, *supra,* was decided subsequent to the Thomas case, and while it did not refer to the Thomas case, it again reiterated the rule in California as to the sufficiency of an information charging murder. It did not need to discuss the above statement in the Thomas case, as it is obvious that a statement concerning the requirements of instructions is no basis for the requirements of pleadings. It is interesting that in the case of *Davis* v. *Utah Territory,* 151 U.S. 262 [14 S.Ct. 328, 38 L.Ed. 153] (decided in 1894), the court calls attention to the fact that the definition of murder in the statutes of Utah Territory as "the unlawful killing of a human being with malice aforethought" (the identical definition of murder under section 187 of our Penal Code) is substantially the definition of murder at common law and that an indictment at

common law in the form of the definition was sufficient, as well as under the Utah law. Thus, we find that the form of charge of murder used in our case has the support of antiquity, as well as of the later California decisions. The Davis case points out, as does the Mendez case, that the crime is murder, with which the defendant must be charged. ■ The statutes divide the crime into degrees for punishment purposes, and these degrees do not have to be charged. ". . . the pleader need not indicate the degree, but may restrict the averments to such facts as, in law, show a murder, that is to say, an unlawful killing with malice aforethought, leaving the ascertainment of the degree to the jury, or in case of confession, to the court.'' (P. 267.) ■ Moreover, the holding by the United States Supreme Court in the Davis case, that an indictment in the form of the one at bar is sufficient to sustain a conviction of murder in the first degree, completely refutes the contention of defendant that he has been denied due process of law under the federal Constitution because of his claim of being convicted of a crime with which he claims he was not charged.

To overrule the decision in the Mendez case (had we as an intermediate court the power so to do) would be to set the administration of criminal justice back to the year 1858 when the court in *People* v. *Wallace,* 9 Cal. 30, held, in effect, that although the indictment alleged that the defendant did ''kill and murder'' the victim, it nowhere alleged that the victim was *dead.*

In view of the lack of merit in defendant's contention, we have deemed it unnecessary to consider the point raised by the attorney general, namely, that the motion to vacate and the appeal therefrom may not be entertained, as the sufficiency of the information could have been attacked on the original appeal. (*People* v. *Montgomery,* 51 Cal.App.2d 444 [125 P.2d 108]; *People* v. *Wallington,* 77 Cal.App. 366 [246 P. 815].)

The order appealed from is affirmed.

Peters, P. J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 27, 1948.