## Commonwealth ex rel. Stevens, Appellant, v. Myers.

24

Submitted November 12, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and MCBRIDE, JJ.

*Rayford Stevens,* appellant, in propria persona.

*J. Harold Hughes,* First Assistant District Attorney, and *Raymond R. Start,* District Attorney, for appellee.

OPINION BY MR. JUSTICE MCBRIDE, December 30, 1959:

This is an appeal from the denial of a petition for habeas corpus by Relator who was convicted of murder in the first degree by a jury which fixed the penalty at life imprisonment. His motions in arrest of judgment and for new trial were denied by the court en banc and he did not appeal. Perhaps his decision not to appeal was sound for had he succeeded he would have again faced the possibility of a death sentence. He now seeks to raise questions which were litigated during his trial and upon those motions. It would appear that the decedent, Michael Arcomone, operated a small candy and grocery store at the corner of Second and Tilghman Streets in the City of Chester. On February 27, 1954, at about 10:45 p.m., the Relator, accompanied by William Maxwell, entered the decedent's store. While the defendant stood at the front of the store, near the door, drinking a bottle of soda, Maxwell asked the decedent for a pack of cigarettes and then

drew a pistol, pointed it at Arcomone and announced that it was a "stick-up." The decedent attempted to resist and Maxwell shot him twice, one shot entering decedent's chest and causing death.

Relator's petition seeks (1) to question the sufficiency of the evidence; (2) that he was entitled to counsel during the taking of a confession subsequent to arrest but prior to indictment; and (3) that the admission into evidence of his past criminal record constituted double jeopardy. None of these questions would be held meritorious even on appeal a fortiori they will not be considered on habeas corpus. *Commonwealth ex rel. Fletcher v. Cavell*, 395 Pa. 134, 149 A. 2d 434; *Commonwealth ex rel. Ashmon v. Banmiller*, 391 Pa. 141, 137 A. 2d 236.

It would appear that after defendant's arrest he made a statement to the District Attorney in which, although he admitted his presence in the decedent's store at the time of the killing, he denied that he knew the robbery was to take place or that he was in any way involved in it. Thereafter, Maxwell made a statement to the District Attorney in which he admitted his guilt and implicated Relator. This was read to Relator and was not denied by him. Under the circumstances, he questions the propriety of the admission of Maxwell's[1] statement against him.

We have decided that where statements made in the presence of an accused and within his hearing are incriminating in character and naturally call for a denial, the absence of denial where there is opportunity to speak, constitutes an implied admission of the truth of the statement. *Commonwealth v. Johnson*, 365 Pa. 303, 74 A. 2d 144; *Commonwealth v. Brooks*, 355 Pa. 551, 50 A. 2d 325; *Commonwealth v. Vallone*, 347 Pa. 419, 32 A. 2d 889. Whether this principle applies to

---

[1] Maxwell was tried separately and convicted.

this defendant in view of the fact that he had already made a written statement, which was a denial of the truth of Maxwell's statement, is one which is not open to us in this proceeding. The court below admitted the statement and also Relator's denial on the ground that the denial only affected the weight to be given to the implied admission. Such questions are serious but will be decided only when and if a case comes here in the regular course of appeal. Habeas corpus is not a substitute therefor. *Commonwealth ex rel. Fletcher v. Cavell,* supra.

Relator also questions the indictment on the ground that it charges murder generally and constitutes what he calls a "shotgun type of indictment." There is no merit to this contention since the Act of Assembly[2] clearly provides and our decisions have uniformly held since 1860[3] that such indictments may charge murder generally without specifying the degree and it will be for the jury[4] to fix the degree at trial.

Nothing appears in the record to justify Relator's contention that the trial was conducted in such an atmosphere that would constitute a violation of fundamental rights such as would warrant relief on habeas corpus.

The order of the court below is affirmed.

---

[2] Act of March 31, 1860, P.L. 427, §20, 19 P.S. §351.
[3] *Cathcart v. Commonwealth,* 37 Pa. 108.
[4] Since the Act of June 24, 1939, P.L. 872, §701, 18 P.S. §4701.