**UNITED STATES of America ex rel. Rayford STEVENS.**

**v.**

**David N. MYERS, Superintendent, State Correctional Institution, Graterford, Pennsylvania.**

**Misc. No. 2272.**

United States District Court
E. D. Pennsylvania.

May 1, 1961.

**629**

No appearance for petitioner.
No appearance for respondent.

CLARY, District Judge.

Rayford Stevens, petitioner herein, is serving a life sentence for a murder committed on February 27, 1954 in the City of Chester, Delaware County, Pennsylvania. As of March Term, 1959, No. 468, in the Courts of Delaware County, he filed his petition for a writ of habeas corpus, which was denied. An appeal was taken to the Superior Court of Pennsylvania, which certified it to the Supreme Court, where it is reported sub nomine, Commonwealth ex rel. Stevens v. Myers, 1959, 398 Pa. 23, 156 A.2d 527. A writ of certiorari was taken to the Supreme Court of the United States, which petition was denied under date of June 6, 1960, 363 U.S. 816, 80 S.Ct. 1254, 4 L.Ed.2d 1156. Thereafter, on April 17, 1961, his present petition for a writ of habeas corpus was filed in this Court. On the facts stated in the petition, the petitioner has apparently exhausted his State remedies in accordance with the provisions of Title 28 U.S.C. § 2254.

The facts surrounding the commission of the crime and the trial of petitioner's case are set forth in succinct detail in the opinion of Mr. Justice McBride of the Pennsylvania Supreme Court and will not be repeated here.

The reasons set forth by Stevens in his present petition, with one exception which will be hereafter referred to, are identical with those presented to the State Court and decided adversely to the petitioner. All of the reasons advanced by the petitioner involved rather serious questions of admissibility of evidence, as noted by Mr. Justice McBride, who also ruled that the petitioner herein could not substitute a writ of habeas corpus for a regular appeal, citing Commonwealth ex rel. Fletcher v. Cavell, 395 Pa. 134, 149 A.2d 434; Commonwealth ex rel. Ashmon v. Banmiller, 391 Pa. 141, 137 A.2d 236. As was also noted with particularity by the Supreme Court of Pennsylvania, " * * * His motions in arrest of judgment and for new trial were denied by the court en banc and he did not appeal. Perhaps his decision not to appeal was sound for had he succeeded he would have again faced the possibility of a death sentence. He now seeks to raise questions which were litigated during his trial and upon those motions." [398 Pa. 23, 156 A.2d 528].

It is clear from the foregoing that the petitioner has had his day in court and the questions therein raised and herein reiterated form no basis for the issuance of a writ of habeas corpus.

The only additional reason now advanced by the petitioner for the issuance of a writ in this Court is that the jury selected to try him was chosen from the same venire as the jury which tried his co-defendant William Maxwell for the identical crime. He now suggests that this was improper and even goes so far as to suggest that even some of the jurors selected to try him *may have* (emphasis supplied) served on the Maxwell jury. If there is any merit to this contention, the State Court should at least have the opportunity of considering it. In this one respect the petition will be denied on the ground that the petitioner has not exhausted his State remedies; Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. In all other respects the petition will be denied on the merits.