Opinion
Per Curiam,
This is an appeal taken by the district attorney from an order entered by the Court of Quarter Sessions of Schuylkill County which dismissed, without prejudice, a petition filed by the defendant to suppress evidence. The court below invited the defendant to raise her objection again at trial of the case.
On August 25, 1960, defendant was indicted by the grand jury on charges of burglary and larceny. The case was attached for trial on September 19, 1961. The jury could not reach a verdict, and on October 18, 1961, it was discharged and a mistrial was declared. At the trial the prosecution introduced in evidence against the defendant, over her objection, incriminatory statements made by two of her alleged confederates in the crime. They were introduced under the doctrine of “admission by silence” or “tacit admissions.” Both statements were read to defendant by police officers after they had taken her into custody. The Commonwealth witnesses testified she made no denial to the incriminatory material in these statements but remained silent.
On December 31, 1962, before the case attached for retrial, defendant filed a petition to suppress the evidence. The evidence sought to be suppressed was the tacit admissions. A motion to dismiss defendant’s petition was filed by the district attorney. A hearing was held on the petition and answer on February 25, *161 1963. On September 4, 1963, tbe court below filed an opinion denying the prayer of the petitioner that the evidence be suppressed. Even though the warrant and arrest may have been irregular, a defendant by his acts waives such irregularities by entering bail or recognizance. Com. v. Hill, 166 Pa. Superior Ct. 388, 393, 71 A. 2d 812. However, because of the long delay in this case, we have reviewed the principal issue raised in the petition to suppress the evidence and found it without merit. The evidence objected to is admissible. Com. v. Vallone, 347 Pa. 419, 421, 32 A. 2d 889; Com. v. Bolish, 381 Pa. 500, 522, 523, 113 A. 2d 464; Com. ex rel. Stevens v. Myers, 398 Pa. 23, 25, 156 A. 2d 527; Com. v. Johnson, 365 Pa. 303, 318, 74 A. 2d 144.
There being no basis for the suppression of evidence, a retrial should be had without further delay.
The part of the order of the court below denying the petition to suppress the evidence is affirmed. The remainder of the order is reversed.