DILLARD R. MORTON, Appellant, *v.* THE STATE
OF NEVADA, Respondent.

No. 5091

June 2, 1966                    414 P.2d 952

*John P. Foley,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *William P. Beko,* District Attorney, and *Chadwick E. Lemon,* Deputy District Attorney, Nye County, for Respondent.

**OPINION**

By the Court, Zenoff, D. J.:

After a preliminary hearing, Dillard R. Morton, together with Robert G. Peoples, was held to answer to the charge of murder. Morton thereafter petitioned the

District Court for a writ of habeas corpus contending that there was insufficient evidence to establish that probable cause existed that he committed the offense. Morton appeals from the denial of the writ by the lower court.

We affirm. From an examination of the transcript of the preliminary hearing this court finds that there was sufficient cause to believe the defendant was guilty of the offense charged[1] or that he aided in its commission.[2]

Appellant, the victim Sharon Wilson, and her two small children, drove to Beatty in appellant's automobile. The victim rented a room at the El Portal Motel, registering under the name of Sharon Peoples. Defendant Peoples arrived in Beatty, via bus, on the afternoon of the day the alleged offense was committed. Peoples was met at the bus by appellant and the two children. Appellant drove Peoples to the Oasis Bar where the victim was employed. Appellant and Peoples spoke with the victim and after an altercation between Sharon and Peoples, at which time he threatened to kill her and shot at her, they all left for the motel with the appellant driving the automobile.

Morton was alone with Peoples and the victim in the motel room when she was shot and killed. An inference was created by the fact that the victim sustained a

---

[1]NRS 171.455 (relating to commitment following preliminary examination):

"If, however, it appears from the examination that a public offense has been committed, and there is cause to believe the defendant guilty thereof, the magistrate must make or endorse on the depositions and statement an order signed by him to the following effect: * * *"

[2]NRS 195.020. "Who are principals. Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who, directly or indirectly, counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor is a principal, and shall be proceeded against and punished as such. The fact that the person aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him."

broken neck along with the gunshot wound which might suggest that there was physical assistance given to the killer by holding the deceased. Further, the angle of the entrance of the bullet could lead to the same inference that the victim was held when she was shot.

Morton helped remove the body from the motel room to the back seat of the automobile, directed the children to get into the car, and drove the vehicle to the Oasis Bar with Peoples and the deceased's children and the victim.

Appellant's acts were voluntary and he was under no apparent duress from Peoples, who, the evidence established, possessed the gun.

The record does not show that Morton was a reluctant participant at any time.

These facts were sufficient to establish probable cause within Beasley v. Lamb, 79 Nev. 78, 378 P.2d 524 (1963), and a host of other Nevada authorities.

Affirmed.

THOMPSON and COLLINS, JJ., concur.