THOMAS CORNELIUS HOWARD, APPELLANT, v. SHERIFF OF CLARK COUNTY, RESPONDENT.

No. 5289

March 31, 1967                                   425 P.2d 596

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, and *George E. Franklin, Jr.,* District Attorney, Clark County, for Respondent.

---

## OPINION

By the Court, Zenoff, J.:

Thomas Cornelius Howard and Barbara Louise Howard were charged with killing Officer Fortye by shooting at and into his body with a firearm. Four witnesses gave testimony at the preliminary hearing: a pathologist, a police patrolman, a taxi driver, and a church organist.

The pathologist stated that the autopsy disclosed three gunshot wounds; two of them superficial, and the third a fatal chest wound. He opined that death occurred within 5 minutes after infliction of the chest wounds and that none of the wounds were self-inflicted.

The taxi driver stated that at about 2:23 a.m. on October 28, 1966, while driving along Highland at 5 or 10 miles per hour, he saw a police car stopped, facing north. An officer stood beside it, talking to a negro man. About 15 feet in front and to the right of the patrol car was a light colored Dodge or Plymouth, in which a negro woman sat behind the steering wheel. He identified Barbara and Thomas Howard as the two negroes he had observed.

The church organist testified that he also had driven along Highland Boulevard about that time. He noticed the two stopped cars. He saw a Negro woman scuffling with Officer

Fortye; she had hold of the officer's sleeves. He then saw a negro man run up and grab either the officer's arm or the woman's arm. The officer shoved the man back toward a parked car. The witness, however, did not identify the Howards as the two he had seen.

The police patrolman testified that at 2:30 a.m. he received a radio message from control and proceeded to Highland Boulevard near the Walker Furniture Store. A police car, with engine running and with all lights on, was stopped on the east side of the road headed north. Officer Fortye was lying dead beside the left front tire of the car—his tie ripped off, his shirt torn and pulled apart. His hat was underneath the front grill of the car, and his handcuffs lay near the right front tire. The ground was spattered with blood. On the hood of the police car was a driver's license bearing the name of Thomas Cornelius Howard.

As a result of the preliminary hearing both Thomas Howard and his wife Barbara were held to answer in the district court to the charge of murder. They entered pleas of not guilty at the arraignment. A separate information was then filed against Barbara in the district court. Her petition for habeas corpus to be released on bail pending trial, which was denied by the trial court, was granted in the amount of $5,000 by this court, 83 Nev. 48, 422 P.2d 538 (1967). A motion for severance had been granted. Thomas' trial was set for January 3, 1967. On December 30, 1966, he petitioned for a writ of habeas corpus contending: (1) that there was no probable cause to connect him with the crime charged, and (2) that there was no evidence at the preliminary hearing of any premeditation or of any of the other elements of first degree murder and therefore the magistrate could, at most, bind Howard over for a lesser crime than first degree murder. He appeals from the denial of that petition.

1.  Howard contends that the ruling of this court in his wife's application for bail binds the trial court to apply the same degree of evidence for probable cause as that relied upon by this court in allowing her bail. He is incorrect. In that case the majority opinion clearly held that the standard to be applied in the consideration of bail is more stringent than that used in the determination of probable cause. "The evident proof or great presumption required by the Constitution before *bail* may be denied one accused of a capital offense, contemplates more than a mere inference of guilt of some crime

(either first degree murder or a lesser included offense) *which may suffice to hold one for trial in the district court.*" (Emphasis supplied.) Howard v. Sheriff, supra.

2. Petitioner's second point is also without merit. An information charging murder without specifying the degree is sufficient to charge murder in the first degree. Statutes which provide different punishments for first and second degree murder do not create two separate and distinct crimes—murder in the first degree and murder in the second degree—which must be pleaded accordingly. It is permissible to simply charge murder and leave the degree to be stated by the jury. Commonwealth v. Di Stasio, 11 N.E.2d 799 (Mass. 1937); State v. Sullivan, 203 A.2d 177 (N.J. 1964); State v. Nutter, 81 N.W.2d 20 (Iowa 1957); State v. Nunn, 321 P.2d 356 (Ore. 1957); State v. Jefferds, 152 A.2d 231 (R.I. 1959); Stevens v. Myers, 156 A.2d 527 (Pa. 1959); State v. Martin, 55 N.W.2d 258 (Iowa 1952); People v. Fowler, 174 P. 892 (Cal. 1918); People v. Coston, 191 P.2d 521 (Cal. D.C.A. 1948); People v. Witt, 148 P. 928 (Cal. 1915); State v. Woolery, 378 P.2d 751 (Ariz. 1963); 4 Wharton, Criminal Procedure (1957), Sec. 1799. We said in Graves v. Young, 82 Nev. 433, 420 P.2d 618 (1966), "The words 'murder in the first degree' are a legal conclusion. The facts alleged in the indictment and proof of trial determine degree."

Discounting, therefor, the second contention, the record sufficiently establishes probable cause. Beasley v. Lamb, 79 Nev. 78, 378 P.2d 524 (1963); Morton v. State, 82 Nev. 223, 414 P.2d 952 (1966); 51 Iowa L. Rev. 164, 167–168 (1965–66); See Shelby v. District Court, 82 Nev. 204, 414 P.2d 942, 944 (1966), and cases cited therein.

3. We note with concern that the petition for habeas corpus was sought almost immediately before the trial (a long New Year's holiday intervened). We admonish petitioner for the undue delay in bringing his petition which resulted in loss of trial time, inconvenience to jurors and discomfiture to the district court. Hereafter, in similar circumstances good cause for the delay must be shown before the trial courts or this court will entertain petitions of this, or a like, nature.

Affirmed.

THOMPSON, C. J., concurs.

Collins, J., concurring:

I concur in the result announced in this opinion and the reasons therefor with one exception. I continue to adhere to my dissent in Howard v. Sheriff, 83 Nev. 48, 422 P.2d 538 (1967). I persist in the opinion there should be no difference in the burden of proof required to hold a person without bail in a capital case from that required to bind him over for trial. In attempting to establish a difference the majority of the court has not provided any realistic, practical standard to be followed. They say there is a difference, but fail to say what it is. I fear they have injected confusion into the law where there need be none.