**Commonwealth v. Heintz**

*Robert F. Banks,* for Commonwealth.
*William C. Kuhn,* for defendant.

ACKER, J., April 21, 1970.—The matter for determination is whether by posting a bond before a justice of the peace defendant waived the right to now attack his arrest. Defendant is charged with operating a motor vehicle in the City of Sharon while under the influence of intoxicating liquors in violation of section 1037 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1037.

The arrest was made by a Sharon police officer on "information received." Defendant's contention is that he did not operate the motor vehicle in the presence of the arresting officer, nor did he exercise actual physical control over its movement or management. Further, he contends that an arrest on view cannot be made on "information received."

This case has never been presented to a grand jury despite a preliminary hearing being held on January 23, 1969. Rather, defendant elected to attempt to attack the matter on a petition for a writ of habeas corpus. The district attorney properly took the position that habeas corpus did not lie because defendant was not then imprisoned or denied his freedom.[1] Accordingly, on April 7, 1969, a motion to dismiss was granted. Failing that approach, defendant then filed on April 17, 1969, an application for relief pursuant to Rule 304 of the Pennsylvania Rules of Criminal Procedure. This court entered a rule on the Commonwealth to show cause why the application for relief should not be granted, made returnable to April 30, 1969. Defense counsel did

---

[1] Commonwealth ex rel. Waychoff v. Boyd, 180 Pa. Superior Ct. 157, 119 A. 2d 567 (1956); Commonwealth ex rel. Maisels v. Baldi, 172 Pa. Superior Ct. 19, 92 A. 2d 257 (1952). See also Commonwealth ex rel. Levine v. Fair, 394 Pa. 262, 146 A. 2d 834 (1958), for the extent of confinement required for the use of habeas corpus.

grant an indefinite extension of time for the filing of an answer which was finally filed on January 21, 1970. In addition to the other defenses raised in the answer, the Commonwealth contends that even if petitioner were successful, it would serve no useful purpose, because the action was not at the time of the answer barred by the statute of limitations and a new action could be commenced. In addition, on September 4, 1969, defendant filed an application for dismissal. All are dealt with herein.

For the purpose of this opinion, this court does not determine the issue of whether rule 304 is a proper vehicle to attack the alleged improper arrest. Rather, it directs its attention to the question of whether defendant can now question the arrest after having posted a bond for appearance. This exact issue was resolved against defendant in Commonwealth v. Hill, 166 Pa. Superior Ct. 388, 71 A. 2d 812 (1950). There, defendant contended that his arrest was illegal in that it was not an arrest "on view." The court held, at page 393:

"We need not pass upon this issue for appellant posted bond for a hearing. By so doing he waived any irregularities which might have existed in the arrest. In Commonwealth v. Gates, 98 Pa. Superior Ct. 591, this Court reviewed the many authorities considering the effect of entering bail for appearance. It is clear that an infirmity in the arrest, if any there was, should have been raised in a proceeding to be discharged; having posted bond for appearance such defects must be deemed to have been waived. See Commonwealth v. Keegan, 70 Pa. Superior Ct. 436."

More recently, in Commonwealth v. Smith, 212 Pa. Superior Ct. 403, 244 A. 2d 787 (1968), the principle was reaffirmed. In many cases applying

the rule that you cannot attack the legality of an arrest after posting bond, the facts demonstrate that defendant really waited until the matter had come through grand jury.[2] However, in the above-cited case the facts are clearly defined. Defendant was arrested, charged, pled guilty and sentenced in 1964 for assault and battery with intent to ravish and indecent assault. The Federal District Court for the Eastern District of Pennsylvania set aside the sentence on the grounds that he did not knowingly and intelligently enter a guilty plea. It ordered his release, but deferred issuing a writ so the Commonwealth could retry defendant or appeal. Defendant was released on bail and the case was listed for retrial on the old bill of indictment. Defendant filed a number of motions and on September 12, 1967, a new indictment for the same offense was found by the grand jury, which defendant then moved to quash. The bail was given after his rearrest and before the grand jury returned the new indictment. His application to set aside the commitment was likewise made before the grand jury considered his case. The court held, page 407:

"After bail has been given neither the validity of an arrest nor the legality of proceedings before a magistrate may be questioned on a petition to discharge the defendant from a recognizance, and the court properly refused to set aside the commitment. Commonwealth v. Weinstein, 177 Pa. Superior Ct. 1, 109 A. 2d 235 (1954); Commonwealth v. Hill, 166 Pa. Superior Ct. 388, 71 A. 2d 812 (1950)." [3]

The Supreme Court of Pennsylvania in Common-

---

[2] These cases are reviewed in Commonwealth v. Pringle, 44 D. & C. 2d 267, 269 (1968), 8 Mercer 227.

[3] See also Commonwealth v. Banks, 203 Pa. Superior Ct. 198, 200, 199 A. 2d 473 (1964), Commonwealth v. Reis, 202 Pa. Superior Ct. 159, 161, 195 A. 2d 287 (1963), and Commonwealth v. Caserta, 177 Pa. Superior Ct. 466, 110 A. 2d 808 (1955).

wealth v. Davidson, 412 Pa. 279, 280, 194 A. 2d 323 (1963), held that a defendant who posts bond and waives a hearing voluntarily before a justice of the peace places himself before the court. In this case, appellant contended that the notice he received from the justice of the peace was defective and he was not properly before the court. The Supreme Court held, page 280:

"This contention is entirely without merit, even if we concede that the notice was defective. The defendant voluntarily placed himself before the court by his appearance when he waived a hearing before the justice of the peace and posted an appearance bond."

Defendant in the instant case elected to follow the same procedure as defendant in the above-mentioned matter. Therefore, he cannot now claim his arrest was illegal.

In support of his position, defendant cites two decisions of this court: Commonwealth v. Miller, 44 D. & C. 2d 524 (1968). There, this court held that bringing a defendant before the nearest available magistrate is a jurisdictional question. Posting a bond does not prevent its being heard on an appeal from a summary conviction.[4]

The second is Commonwealth v. Pringle, supra. There, it was held that a defendant did not waive the right to attack the failure of the justice of the peace to comply with the Pa. R. Crim. P. 104, 105 and 106, or the requirement that a transcript may not be filed more than five days after defendant is held for court. At the time that defendant posted bond for appearance, the transcript had not, in fact, been filed, nor

[4] Cases holding that jurisdiction may be raised, even though defendant may have waived a hearing, are Commonwealth v. Muth, 397 Pa. 106, 153 A. 2d 497 (1959); Commonwealth v. Schubert, 207 Pa. Superior Ct. 88, 90, 215 A. 2d 287 (1965); Commonwealth v. Germsback, 167 Pa. Superior Ct. 106, 74 A. 2d 489 (1950).

did defendant have any control of the time by which it would be filed. Therefore, he could not intelligently make an election to be committed to jail to attack the late filing of the transcript with the clerk of courts. Therefore, this was not the type of matter which the court felt was waived by posting a bond.[5]

It is the holding of this court that by the posting of bond defendant, John Heintz, has lost the right to now attack the alleged illegal arrest.

This court has also considered the application for abandonment of prosecution. We do not believe that the Commonwealth has abandoned this prosecution. This matter would have been disposed of by a jury trial many months previous if it had not been for the various preliminary efforts by defendant combined by some delay by the Commonwealth in which defendant acquiesced.

We have also considered the application to quash the criminal complaint and deny the same on the grounds set forth above in this opinion.

Likewise, we have considered the motion for discharge before indictment proceedings pursuant to the common law of the Commonwealth of Pennsylvania and the rules of court and find no merit in the same.

Also pending before the court is an application for relief from illegal search and seizure pursuant to Pa. R. Crim. P. 323. There, it is contended that defendant was given an intoxication chemical test prior to his being arrested in violation of section 1037 of The Vehicle Code. It is contended the test cannot be given

---

[5] It is recognized that the language in Commonwealth v. Pringle, supra, states that it is necessary for the case to progress through the grand jury before the rule that posting bond waives the right to attack preliminary matters. To that extent, it is contrary to the cases cited in this opinion and the holding of this opinion.

to persons who are not observed operating a motor vehicle upon the highway. The contention that the police officer did not observe defendant operating the vehicle, of course, does not mean that the Commonwealth cannot produce other witnesses who did so observe.

Finally, defendant contends that the Commonwealth had no reasonable cause to require defendant to submit to an intoxication chemical test, all being in violation of his fourth and fifth amendment rights. Our court in Commonwealth v. Wulfert, 9 Mercer 183, 186 (1970), through Stranahan, P. J., expressed the view, "There is a tendency on the part of defense counsel in criminal cases to try and expand the motion to suppress and use it in order to obtain advance rulings on evidence which normally are made at the time of trial. It is the Court's understanding that motions to suppress must be brought under a specific rule of Court and as a general rule encompass constitutional questions resulting from alleged violations of the Fourth, Fifth and Sixth Amendments to the United States Constitution. . . . Whether the police have complied with a Pennsylvania statute is a matter that must be decided by this Court at the time of trial."

The same is applicable in the instant case to the intoximeter test. Whether the officer had "reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquors" is subject to proof at the time of trial. If it cannot be established, then the test cannot be used.[6] Contrary to the taking of blood, as in Schmerber v. California, 384 U. S. 757, 86 S. Ct. 1826 (1966), it is not required that the officer make an arrest before a defendant

---

[6] Act of December 22, 1969 (Act No. 173), sec. 1, 75 PS §624.1.

undergoes the inhalator.[7] All of the matters raised in defendant's motion to suppress are proper subjects for inquiry at the time of the trial.

Wherefore, the relief there prayed for is denied.

### ORDER

And now, April 21, 1970, it is hereby ordered that the application for dismissal pursuant to Pa. R. Crim. P. 304 captioned "Application for Relief" is denied. It is further ordered that the application for abandonment of prosecution, application to quash criminal complaint, motion for discharge before indictment procedure and application for relief from illegal search and seizure are all denied.

---

[7] The statute does require an arrest for driving while under the influence before a driver's license may be taken for failure to undergo the test: Section 624.1(a).