BARBARA SLATTERY aka SUSAN MILLS, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 8583

January 16, 1976                    544 P.2d 894

*W. Randall Mainor,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On June 19, 1975, the Clark County Grand Jury returned an indictment charging appellant with grand larceny, a felony under NRS 205.220. She was subsequently arrested, posted bail, and, on July 3, 1975, arraigned, at which time she pleaded not guilty. Trial was scheduled for August 25, 1975.

On August 22, 1975, appellant's unopposed motion to vacate the scheduled trial date was granted and, on October 17, 1975, she filed a pretrial petition for habeas corpus which contended there was insufficient evidence to support the indictment. Habeas was denied and the same contention is reurged in this appeal.

We do not reach the merit, if any, of appellant's contention. The arraigning judge stated that "[c]ounsel can stipulate the court will retain jurisdiction to hear the Writ [of habeas corpus] after she enters a plea."[1] The statement was erroneous. See NRS 34.380(1)(c)(1), which provides, in part: *"A district court shall not consider any pretrial petition for habeas corpus . . . if such petition is not filed and brought on for hearing before a plea to the charge is entered . . ."* [Emphasis added]. We deem the language of the statute mandatory. See Ewing v. Fahey, 86 Nev. 604, 607, 472 P.2d 347, 349 (1970).

The habeas petition, not being timely filed, was not cognizable in the district court.[2] *A fortiori,* it is not reviewable in this court. Accordingly, we

ORDER this appeal dismissed.

---

[1]There is nothing in this record to show that there was a stipulation. See DCR 24.

[2]The judge who heard and denied the habeas petition was not the arraigning judge.