SAMUEL LEE KLINE, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 8642

February 27, 1976                         546 P.2d 1000

*Morgan D. Harris,* Public Defender, and *Gary White,* Deputy, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant, charged with robbery, was arraigned and entered a plea of not-guilty on November 19, 1975. He waived the "60 day" rule and trial was scheduled February 9, 1976. On December 30, 1975, he filed a motion to withdraw his plea and, the following day, December 31, 1975, he filed a pretrial petition for habeas corpus challenging the quantum of evidence adduced at his preliminary examination.

On January 27, 1976, the district court entered an order vacating the trial date and setting aside the not-guilty plea and, on January 29, 1976, the court considered and denied the habeas petition. This appeal follows.

We do not reach the merit, if any, of the habeas petition because, in our view, the mere filing of a motion to withdraw a plea does not circumvent the mandatory language of NRS 34.380(1)(c)(1).[1] In the posture of this appeal we conclude that since the habeas petition was filed prior to the time appellant was permitted to withdraw his plea it was not cognizable in the district court.[2] *A fortiori,* it is not reviewable. Slattery v. Sheriff, 92 Nev. 19, 544 P.2d 894 (1976).

The order denying habeas is vacated and the district court is instructed to dismiss the habeas petition and set aside its order which permitted appellant to withdraw his not-guilty plea.

---

[1]The statute provides, in part: "A district court shall not consider any pretrial petition for habeas corpus . . . *If such petition is not filed* and brought on for hearing *before a plea to the charge is entered.*" [Emphasis added.]

[2]At this juncture we need not and do not consider the question of whether, and under what circumstances, if any, it would be permissible to pursue pretrial habeas after an accused has been arraigned, and has been permitted to withdraw his plea for some purpose other than circumvention of our statute. When, and if, that issue becomes cognizable, it will be considered and resolved.