GERALD M. CURTIS, Appellant, v. SHERIFF, WASHOE COUNTY, NEVADA, Respondent.

No. 8695

March 31, 1976                    547 P.2d 1360

*William N. Dunseath,* Public Defender, and *William B. Puzey,* Deputy, Washoe County, for Appellant.

*Robert List,* Attorney General, *Larry R. Hicks,* District Attorney, and *Calvin Dunlap,* Deputy, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

Indicted on November 5, 1975, for murdering Kenneth Todd Butler, a two-year-old child, Gerald M. Curtis was arraigned and pleaded not guilty on December 3, 1975. The record establishes that, although the Grand Jury transcript was filed November 14, 1975, defense counsel prepared no pretrial habeas petition prior to arraignment. Therefore, attempting to accommodate counsel, the district court granted Curtis an additional 21 days, to and including December 24, in which to file "motions and writs." However, as defense counsel declined to waive the "sixty-day rule," NRS 178.556, the court set Curtis's trial to begin January 5, 1976.[1]

Of course, the district court's order, purporting to allow Curtis the right to file a pretrial petition for habeas corpus notwithstanding his entry of a plea, and his acceptance of a trial date directly contravened NRS 34.380(1)(c)(1).[2] Moreover, subsequent events occasioned one of the very procedural

---

[1]NRS 178.556 provides: *"Dismissal by court for unnecessary delay.* If no indictment is found or information filed against a person within 15 days after he has been held to answer for a public offense, or if a defendant whose trial has not been postponed upon his application is not brought to trial within 60 days after the finding of the indictment or filing of the information, the court may dismiss the indictment, information or complaint."

[2]NRS 34.380(1)(c)(1) provides:

"(c) A district court shall not consider any pretrial petition for habeas corpus:

"(1) Based on alleged want of probable cause or otherwise challenging the court's right or jurisdiction to proceed to the trial of a criminal charge if such petition is not filed and brought on for hearing before a

dislocations which NRS 34.380 was amended in 1973 to eliminate: defense counsel filed a pretrial habeas petition close to the eve of trial, and repeated continuances of the scheduled trial date resulted. On this appeal, therefore, we are constrained to review the import of counsel's conduct.

The record reflects that defense counsel took no action whatever until December 29, 1975, i.e., three judicial days before Curtis's trial was set to commence. Then, having previously insisted on an early trial date, defense counsel and Curtis "stipulated" with the prosecution that the assigned date should be vacated, and a later date allowed. The district court purported to approve this "stipulation," vacated the January 5 trial setting, set the habeas petition for January 9, and assigned Curtis a new trial date on March 15, 1976.

Defense counsel subsequently stipulated to continue the hearing on Curtis's habeas petition, and finally caused it to be heard on January 30, 1976.[3] However, the district court did not decide the petition until March 5, 1976, at which time it ruled adversely to Curtis. Thus, for the second time, Curtis was again permitted to delay his scheduled trial; we are advised by the Second Judicial District's court administrator that the March 15 date was not utilized for any other trial; and Curtis's trial was again reset, and is now scheduled for May 17, 1976. Accordingly, were our court also to ignore NRS 34.380(1)(c)(1)—reviewing formally the supposed "merits" of Curtis's petition notwithstanding that legislative command, and taking as much time to write an opinion as the district court found necessary to reach its decision—then the third trial date now scheduled might also have to be vacated, and Curtis's case allotted yet a fourth date for trial.[4]

plea to the charge is entered by the accused or on the accused's behalf by his counsel or the court."

This provision of NRS 34.380 seeks to implement this court's pronouncements in Howard v. Sheriff, 83 Nev. 150, 425 P.2d 596 (1967), involving facts much like those here concerned.

[3]On January 30, counsel and the district judge were not only aware of NRS 34.380(1)(c)(1), but of this court's January 16 decision in Slattery v. Sheriff, 92 Nev. 19, 544 P.2d 894 (1976), wherein we dismissed a pretrial habeas appeal because the petition had not been filed and brought on for hearing before a plea to the charge was entered, as our statute requires. At counsel's instance, however, the district judge purported "to allow a withdrawal of the plea of not guilty, which will technically satisfy the statute and allow a hearing of the petition of the defendant in this case."

[4]For example, if our court were only to consume 36 days to formulate its initial decision, as did the district court—and if counsel were

In the instant case, the record shows no excuse for violating NRS 34.380(1)(c)(1), except that counsel indicates he has done so repeatedly in the past, and considers his accustomed procedures more "convenient" than those established by law. Counsel's tactic of seeking to withdraw the not guilty plea heretofore entered, solely and only to circumvent our statute's mandatory language, was considered and specifically disapproved in Kline v. Sheriff, 92 Nev. 121, 546 P.2d 1000 (1976). As noted in *Kline:* "At this juncture we need not and do not consider the question of whether, and under what circumstances, if any, it would be permissible to withdraw his plea for some purpose other than circumvention of our statute. When, and if, that issue becomes cognizable, it will be considered and resolved." 92 Nev. at 122, 546 P.2d at 1000.

We do not fault the district court for seeking to accommodate counsel. However, in our view, this court may not properly ignore NRS 34.380(1)(c)(1), merely because we might deem other procedural devices more "convenient," which it happens we do not. Certainly, neither the district court nor counsel may constrain us to accept alternative procedures counsel have devised as preferable to our statute.

This appeal is therefore dismissed; remittitur will issue forthwith; trial may and should proceed on the date now scheduled.[5]

---

to exercise their option to exhaust another 31 days in filing a petition for rehearing, and the permissible response—then computing from the date when this appeal was docketed on March 15, the 68 days thereby expended would necessitate at least one more continuance of the trial currently set for May 17.

To alleviate such problems, in this and other similar cases, our own court could only accord still higher priority to pretrial habeas matters, endeavoring to decide all cases before further continuances became necessary. This preemption of our energies, of course, would only further reduce our capacity to accord needed priority to other worthy matters, including important civil litigation affecting the livelihood and business of honest Nevada citizens.

[5]We note, in passing, that we have perused the record, and believe the record contains ample evidence to hold Curtis for trial on the charge of murdering Kenneth Todd Butler, a minor child two years of age.