SHERIFF, CLARK COUNTY, NEVADA, Appellant, *v.* VERNON H. WILLOUGHBY, Respondent.

No. 13120

March 12, 1981                                   624 P.2d 498

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *L. J. O'Neale,* Chief Deputy District Attorney, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender, and *Peggy A. Leen,* Deputy Public Defender, Clark County, for Respondent.

## OPINION

*Per Curiam:*

By way of information, respondent was charged with murder (NRS 200.010, 200.070) and battery with the use of a deadly weapon (NRS 200.481). Thereafter, respondent petitioned the district court for a pretrial writ of habeas corpus, alleging that the evidence adduced at the preliminary examination was insufficient to establish probable cause to hold respondent on the charge of open murder.[1] In essence, respondent argued that the facts give rise, at most, to a charge of involuntary manslaughter. The district court granted the petition, reasoning that since an open murder charge includes a charge of first degree murder, and since no evidence of first degree murder was presented at the preliminary examination, respondent could not be held on the open murder charge. For reasons expressed hereafter, we reverse.

---

[1]The petition did not challenge the charge of battery with the use of a deadly weapon.

At the preliminary examination, the following pertinent facts were presented. After initially pulling his car over at the request of a motorcycle policeman, respondent then accelerated rapidly in reverse, striking the officer. In the chase that ensued, respondent drove 90 miles per hour on the wrong side of the road causing oncoming vehicles to swerve to avoid a collision. Finally, respondent's car slammed into an embankment, killing Susan Staffa, a passenger in the car.

It is clear that first degree murder and second degree murder are not separate and distinct crimes which must be pleaded accordingly. Thedford v. Sheriff, 86 Nev. 741, 476 P.2d 25 (1970); Howard v. Sheriff, 83 Nev. 150, 425 P.2d 596 (1967). Thus, there need not be evidence of first degree murder to support an open murder charge. *See* Wrenn v. Sheriff, 87 Nev. 85, 482 P.2d 289 (1971).

As mentioned above, respondent contends that the evidence gives rise only to a charge of involuntary manslaughter. NRS 200.070 differentiates between involuntary manslaughter and murder as follows:

> Involuntary manslaughter shall consist in the killing of a human being, without any intent so to do, in the commission of an unlawful act, or a lawful act which probably might produce such a consequence in an unlawful manner; *but where such involuntary killing shall happen in the commission of an unlawful act, which, in its consequences, naturally tends to destroy the life of a human being, or is committed in the prosecution of a felonious intent, the offense shall be deemed and adjudged to be murder.* (Emphasis added.)

This court's sole function is to determine whether the evidence presented at the preliminary examination establishes probable cause to believe that an offense was committed and that the defendant committed it. Sheriff v. Hodes, 96 Nev. 184, 606 P.2d 178 (1980); State v. von Brincken, 86 Nev. 769, 476 P.2d 733 (1970). Here, there is evidence that the killing occurred during an attempted escape after the commission of battery with the use of a deadly weapon, a felony. *See* NRS 200.481, 193.120. Thus, we conclude that there is sufficient evidence that the victim's involuntary killing happened "in the prosecution of a felonious intent" to justify a charge of murder. In so holding, we note that other courts have affirmed felony-murder convictions resulting from traffic collisions during attempted

escapes. *See, e.g.,* Whitman v. People, 420 P.2d 416 (Colo. 1966); People v. Burke, 407 N.E.2d 728 (Ill. App. 1980); State v. Milentz, 547 S.W.2d 164 (Mo.App. 1977).

Accordingly, the district court's order granting respondent's petition for a writ of habeas corpus is reversed.