## Commonwealth ex rel. Vanderpool, Appellant, v. Russell.

Submitted April 21, 1967. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

500

*F. Eugene Vanderpool,* appellant, in propria persona.

*Maurice L. Epstein,* District Attorney, for appellee.

OPINION BY MR. JUSTICE JONES, September 26, 1967:

F. Eugene Vanderpool (relator), on October 10, 1965, enlisted the services of various police officers, including members of the Pennsylvania State Police, in a search for his wife, Veronica Vanderpool, whom he claimed was missing. On October 12, 1965, relator and one Robert White, his brother-in-law, called upon Corporal Edward Bloomer, a member of the Pennsylvania State Police who was in charge of organizing the search parties for Veronica Vanderpool, and it was then decided that Bloomer and the relator would go to the bus station in Towanda to inquire into the possibility that the missing wife had departed the area by bus. Upon arrival at the bus station, relator was told by Bloomer that he knew something was bothering relator, that he knew relator was not telling everything he knew and that he was sending for a lie detector.[1] There are two versions of that which then transpired: relator's version is that he then said "I shot my wife. I was scared and buried her."[2] Bloomer's version is that relator then said "You won't believe this, but I shot and killed my wife and buried her behind the house".

---

[1] Relator's brief, p. 3.
[2] Relator's brief, p. 3.

Bloomer immediately returned to the State Police Barracks with the relator and contacted the district attorney of Bradford County. Prior to interrogation by the district attorney, relator was warned of his right to remain silent. Relator contends that, after he had told Bloomer that he had killed his wife, he was questioned by Bloomer without being advised of his constitutional rights. Between 6.30 and 7:00 p.m. on the same date, relator and several police officers went to the home of relator's foster parents where the wife's body was found buried. Relator was then charged with murder, arraigned before a justice of the peace and no further interrogation took place. On October 19, 1965, the court appointed competent and experienced counsel for the relator and he was given a preliminary hearing on October 22, 1965. Relator's counsel then petitioned the court to have relator taken to Clark Summit Hospital for thirty days for the purpose of observation, diagnosis and treatment which petition was granted.

On January 10, 1966, the grand jury of Bradford County indicted relator for murder and relator then entered a plea of not guilty. On January 21, 1966, relator, with counsel, appeared before the court, requested that his plea of not guilty be withdrawn and he was permitted to change his plea to guilty of murder generally. After hearing, relator was adjudged guilty of murder in the first degree and sentenced to life imprisonment. From the judgment of sentence no direct appeal was taken.

On January 23, 1967, relator petitioned the Court of Common Pleas of Bradford County for a writ of habeas corpus and this petition was dismissed without a hearing.[3] From that order the present appeal was taken.

---

[3] The court below treated the petition for a writ of habeas corpus as a post-conviction petition.

Relator now contends: (1) that he was not advised of his right to remain silent and was denied a request for legal counsel prior to his interrogation by the state police and the district attorney, and (2) by reason of lack of constitutional warning and the denial of counsel his incriminating statement was not voluntary and therefore inadmissible evidence.

From the testimony taken during the hearing after relator had pled guilty to murder generally, the following facts are clearly established: (1) relator was given every opportunity to consult with and, in fact, did consult with counsel; (2) the change of his plea of not guilty to guilty was intelligently, advisedly and voluntarily made; (3) relator was fully aware of the consequence of his entry of the plea of guilty; (4) at trial, no objection was made to the introduction in evidence of the statement made to officer Bloomer wherein he admitted shooting his wife.

The lower court in its opinion well stated: "It is undenied that on his way to the bus station with a state policeman for the purpose of determining whether or not any evidence could be found that his wife had left the area by bus, the [relator] in substance spontaneously told the state policeman that he had shot and killed his wife and buried her in back of the house. At no time has there been any denial by the [relator] that he made such a statement and that it was spontaneously made. No objection was made at trial to the testimony of the state policeman concerning the alleged statement by the [relator] nor were there any proceedings of any kind prior to trial relating to any objection to testimony or evidence to be presented at trial." We have recently held in *Commonwealth v. Eperjesi*, 423 Pa. 455, 224 A. 2d 216 (1966) that voluntary statements are not barred by the Fifth Amendment and their admissibility is not affected by the ruling in *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

A review of the record clearly reveals the spontaneity and the voluntariness of the statement made by the relator.

Relator when he changed his plea from not guilty to guilty of murder generally was represented by counsel and, at trial, counsel made no objection to the admissibility of the statement which relator now seeks to exclude. Relator has waived his right to question in this proceeding any infirmities caused by his alleged lack of constitutional warning against self-incrimination of the denial of counsel. See: *Commonwealth ex rel. Zaffina v. Maroney*, 423 Pa. 237, 241, 223 A. 2d 678 (1966) ; *Commonwealth ex rel. Parker v. Myers*, 422 Pa. 221, 222, 223, 220 A. 2d 851 (1966) ; *Commonwealth ex rel. McCode v. Myers*, 419 Pa. 495, 497, 215 A. 2d 671 (1966).

The instant record convinces us beyond doubt that relator's constitutional rights were fully protected and that the statement to which relator now objects was made by the relator of his own accord and without any coercion exerted.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.