Commonwealth *v.* Eckhart, Appellant.

Argued November 11, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*William B. Quinn*, with him *Thomas S. McCready*, for appellant.

*John Deutsch*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 9, 1970:

This is an appeal from the judgment of sentence of the Court of Oyer and Terminer of Carbon County. Appellant pleaded guilty to murder generally. Pursuant to subsection (a) of the recently adopted Rule 1115 of the Pennsylvania Rules of Criminal Procedure, a hearing was held before the judge who received the

plea, at which time the Commonwealth presented its evidence. The court being of the opinion that the case may have constituted murder in the first degree, he, as was his option under subsection (b) of Rule 1115, secured the assignment of two other judges to constitute a panel of three, to hear the case. The three judge panel unanimously determined that appellant was guilty of murder in the first degree, and set the punishment at life imprisonment. This appeal followed.[1]

Appellant makes, in essence, three arguments. He first contends that the evidence fails to sustain the verdict of first degree murder. We disagree. The facts of this crime are set forth in a prior appeal, 430 Pa. 311, 242 A. 2d 271 (1968), in which we reversed the judgment of sentence and remanded for a new trial because of the admission of an extremely prejudicial photograph. Those facts need not be repeated here. Suffice it to say that, viewed in a light most favorable to the Commonwealth, they showed the specific intent to kill necessary for first degree murder, by virtue of the use of a deadly weapon, a rock, upon a vital part of the body.

Appellant's second contention is that error resulted from the belief of one member of the panel that an intent to commit bodily harm rather than an intent to kill was sufficient for a finding of first degree murder. Since appellant's testimony was that he slapped the victim, at least one judge of the panel could have found first degree under the mistaken notion that the result of the slapping itself constituted first degree murder, even if the Commonwealth's evidence about the use of the rock was disbelieved. Unfortunately for appellant,

---

[1] There was considerable uncertainty below as to whether post-trial motions are permissible under Rule 1115.

Since we do have the benefit of an opinion below discussing the issues raised here by appellant, it would serve no useful purpose in this case to remand for filing of post-trial motions.

however, the record nowhere supports his contention as to the judge's misapprehension of the state of the law.

Appellant's principal contention is that it was error for a member of the panel constituted to determine the degree of guilt to read the transcript of the Commonwealth's testimony at the prior hearing before the judge who received the guilty plea. During the course of the trial, appellant's counsel noticed the judge reading the transcript, and objected thereto. At that point, the transcript was laid aside.

However, we fail to perceive how appellant was prejudiced. The Commonwealth's testimony at the second hearing was virtually identical to that of the first. That small amount of testimony which was presented only at the first hearing was cumulative only, and the possible reading of such testimony could not have prejudiced appellant.

The judgment of sentence is affirmed.