Commonwealth *v*. McKinnon, Appellant.

Argued April 30, 1971. Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*John G. Veith,* for appellant.

*Louis A. Perez, Jr.,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, June 28, 1971:

On June 14, 1966, police Sergeant John Pembrook went to 2260 North Van Pelt Street, Philadelphia, in response to a police radio call ordering him to investigate a possible assault and battery by hammer, and to provide transportation to the hospital for the victim,

if required. He was met at the door by appellant, dressed only in a tee shirt, and covered from head to foot with blood. Sergeant Pembrook asked appellant "What happened?" and was told that "she came after him with a knife and he had to defend himself with a hammer." Thereupon, appellant led Sergeant Pembrook into the living room, where he discovered who "she" was and what had happened to her. "She" was Shirley Dash and she was lying in a pool of blood. She died shortly thereafter as the result of injuries to the brain and skull.

Sergeant Pembrook sat appellant on the steps and called for additional officers. Moments later, Officer Edward Furlong arrived and escorted appellant upstairs for the purpose of getting dressed. While appellant began getting dressed in the blood-splattered bedroom, he volunteered an account of the entire bloody event. He told his story without any questioning or prompting by the police.

After appellant was found guilty by a jury of voluntary manslaughter, in filing motions for arrest of judgment and a new trial, appellant challenged the admissibility of the statements he made to the two police officers. His post-trial motions were denied and he was sentenced to a term of six to twelve years.

Appellant confines his appeal to a challenge of the admissibility of the two statements. He contends that the Commonwealth had a duty to give appellant his *Miranda* warnings before any questions were asked.

In light of the facts of the case, that is an absurd contention. When appellant appeared at the door, covered with blood from head to toe, and only partially dressed, Sergeant Pembrook reasonably assumed that he was a victim, not a suspect, and accordingly asked him a simple "What happened?". Moreover, at this time, appellant was not in custody and really was not

under suspicion of the commission of any crime. Appellant's unexpected reply was completely voluntary. Similarly, appellant's account of the episode to Officer Furlong was volunteered. Although Officer Furlong had said nothing to him, except to tell him to get dressed, appellant apparently thought that the blood-splattered bedroom required some explanation.

We have frequently held that: "Volunteered statements made by an accused, without warnings, are not barred by the Fifth Amendment to the United States Constitution and the admissibility of *volunteered* statements is not affected by the Miranda warnings." (Emphasis in original.) *Commonwealth v. Brown,* 438 Pa. 52, 56, 265 A. 2d 101 (1970).

Judgment affirmed.

Mr. Justice EAGEN concurs in the result.

Mr. Justice JONES took no part in the consideration or decision of this case.