Commonwealth *v.* Koch, Appellant.

Argued January 18, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*James C. Hogan,* with him *Donald A. Corriere,* and *Hogan and Scott,* for appellant.

*Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 20, 1972:

Appellant Morris Koch was charged in 1969 with the murder of his wife Josephine, assault with intent to murder one John Erkinger, and wantonly pointing a firearm. After a jury trial, appellant was convicted of second degree murder and the other two charges. Post-trial motions were filed and denied[1] and appel-

---

[1] Post-trial motions were originally filed in November, 1968, and then withdrawn. Appellant was sentenced to consecutive terms of ten to twenty years on the second degree murder charge and one to four years imprisonment on the assault with intent to commit murder charge. The court ruled that the charge of wantonly pointing a firearm at John Erkinger merged with the assault charge.

lant was then sentenced to eleven to twenty-four years imprisonment. This appeal followed. Appellant raises numerous contentions, none of which merit relief. Consequently, we affirm the judgment of sentence.

Appellant contends the trial court improperly denied his motion to quash the murder indictment. The indictment charged that appellant "did feloniously, wilfully, and of malice aforethought, kill another person. . . ." It is maintained that the indictment was constitutionally defective, failing to give appellant notice that he was charged with first degree murder. Appellant's contention rests on the omission from the indictment of any words indicating a specific intent to kill, an element of first degree murder.

The indictment was properly drawn in conformity with the Act of March 31, 1860, P. L. 427, §20, 19 P.S. §351, which provides: ". . . it shall be sufficient, in every indictment for murder, to charge that the defendant *did feloniously, willfully, and of his malice aforethought, kill* and murder the deceased. . . ." (Emphasis added.) See *Commonwealth ex rel. Stevens v. Myers*, 398 Pa. 23, 156 A. 2d 527 (1959), cert. denied, 363 U.S. 816, 80 S. Ct. 1254 (1960). Appellant maintains that the Act of 1860 is "inconsistent" with Rule 213(b)(5) of the Pennsylvania Rules of Criminal Procedure and has been "impliedly" suspended from operation.[2] Rule 213(b)(5) requires an indictment to

---

In May, 1969, appellant was permitted to file post-trial motions as if timely filed. They were denied by the court en banc and appellant was resentenced to consecutive terms of 10 to 20 years imprisonment on the second degree murder charge and 1 to 2 years imprisonment on the assault with the intent to commit murder charge in March, 1971.

[2] Rule 213 was enacted prior to the passage of the new constitution, pursuant to the Act of July 11, 1957, P. L. 819, §1, 17 P.S. §2084, which enabled the Supreme Court to promulgate rules of criminal procedure and provided for the suspension of any acts of

contain a "plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint. . . ."

We find no "inconsistency" between the Act of 1860 and Rule 213(b)(5) and reject appellant's contention. An indictment charging murder generally is adequate notice that the defendant may be tried and convicted of first degree murder and fully satisfies the purposes of Rule 213 to insure adequate notice of the charges. See *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 340, 223 A. 2d 699, 701 (1966); *Commonwealth ex rel. Andrews v. Russell*, 420 Pa. 4, 6, 215 A. 2d 857, 858 (1966).

Appellant further contends that the trial court's failure to suppress the written confession was error. A suppression hearing was held before trial and the parties stipulated that the trial court could rely on the evidence introduced at the preliminary hearing in making its determination. Appellant maintains that he had not slept for 30 hours before being taken into custody and his extreme fatigue and illness combined with other circumstances precluded a voluntary confession. Furthermore, it is contended that the police purposely delayed his preliminary arraignment in order to secure a confession. Appellant's challenge to the confession was resolved against him and its admissibility was not otherwise successfully challenged.[3]

---

the Legislature "inconsistent" with any rules of criminal procedure enacted by the Supreme Court. The substance of this provision is included in the new constitution. Constitution of Pennsylvania, Art. V, §10(c). The commentary accompanying the Rules of Criminal Procedure contain wherever applicable the express suspension of acts of the Legislature inconsistent with the rule in question. The commentary to Rule 213 contained no such suspension. Appellant, however, argues that an "implied" suspension has occurred.

[3] Rule 323(j) of the Pennsylvania Rules of Criminal Procedure.

The evidence establishes that the police arrived at the Koch residence and placed appellant under arrest at 8:00 P.M. shortly after the shooting. He was then given his *Miranda* warnings.[4] Appellant was taken from the scene by the police at 10:20 P.M. and driven to the Bethlehem police barracks. Before leaving the scene of the crime, he was again warned of his constitutional rights. At the barracks, he was offered food and given coffee on request. There he was again advised of his rights and a written waiver was then executed at 12:00 P.M. Following this a written statement was taken and notarized. Appellant was taken to the house of Alderman Warg for a preliminary arraignment at about 1:00 A.M. There for the fourth time he was informed of his *Miranda* rights and formally charged.

While the record supports appellant's claim of fatigue, there is no evidence that appellant was ill. The element of fatigue on this record is insufficient to disturb the trial court's finding. Appellant was repeatedly and carefully warned of his constitutional rights and properly treated by the police. The trial court's ruling that appellant made a knowing and understanding waiver of his rights is fully supported by the evidence. See *Commonwealth v. Jefferson,* 445 Pa. 1, 6, 281 A. 2d 852, 855 (1971) ; *Commonwealth v. Abrams,* 443 Pa. 295, 299, 278 A. 2d 902, 905 (1971).

This record presents no evidence of purposeful delay of the preliminary arraignment in order to induce a written confession. Rule 118 of the Pennsylvania Rules of Criminal Procedure requires that a defendant "shall be taken without unnecessary delay before the proper issuing authority" where "the defendant shall be given an immediate preliminary arraignment." The

---

[4] *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602 (1966).

presence of "unnecessary delay" in securing a preliminary arraignment is a factor to be considered in assessing the voluntariness of a confession. *Commonwealth v. Moore,* 444 Pa. 24, 30, 279 A. 2d 146, 149 (1971); *Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 153, 239 A. 2d 426, 432-33 (1968); see *Mallory v. United States,* 354 U.S. 449, 77 S. Ct. 1356 (1957); *McNabb v. United States,* 318 U.S. 332, 63 S. Ct. 608 (1943).

Appellant was arrested shortly after 8:00 P.M. He was not taken from the murder scene until 10:00 P.M. when he was then removed to the police barracks. By this time, he had been twice given his *Miranda* warnings. After being advised of his constitutional rights two additional times, he executed a written waiver and gave a statement. He was then promptly taken to an alderman for a preliminary arraignment at 1:00 A.M. The trial court's ruling that the confession was voluntary is thus fully supported by the record.

Appellant also contends that the trial court improperly admitted into evidence admissions made by appellant to police officers while he was being taken from the preliminary arraignment to the county jail. Appellant's counsel maintains that he was unaware that appellant had made these statements until trial when the Commonwealth placed Trooper Yesalusky on the stand. In reply to a request by appellant's counsel for an offer of proof, the prosecution indicated that the officer would testify to certain statements made by appellant. The defense unsuccessfully objected to the offer. When the officer began to relate the incriminating statements, appellant again objected and requested that the testimony be stricken. The court denied the request but ruled however that appellant was entitled to a suppression hearing out of the presence of the jury to determine whether the statements were

voluntary. Such a hearing was held and the court concluded that the admissions were volunteered and admissible.

Appellant claims prejudicial error in the Commonwealth's failure to disclose the existence of these admissions prior to trial. The court properly dismissed this contention because appellant made no request for a bill of particulars[5] prior to trial and successfully requested only appellant's written confession. Appellant next argues that he suffered further prejudice in that the jury heard a substantial part of the officer's testimony before a suppression hearing was held. This contention lacks merit in light of the trial court's correct ruling that the admissions were volunteered and admissible.

The evidence establishes that appellant initiated a conversation with Trooper Yesalusky who advised him to remain quiet. Appellant failed to heed the advice and speculated as to the length of sentence he might receive, and explained how long he had planned the crime and how the crime had backfired since he intended to only wound his wife and kill Erkinger. It is established that "[v]olunteered statements of any kind are not barred by the Fifth Amendment . . ." and are fully admissible even when not preceded by warnings. *Miranda v. Arizona,* 384 U.S. 436, 478, 86 S. Ct. 1602, 1630 (1966); *Commonwealth v. McKinnon,* 443 Pa. 183, 186, 278 A. 2d 878, 879 (1971); *Commonwealth v. Brown,* 438 Pa. 52, 56, 265 A. 2d 101, 104 (1970); *Commonwealth ex rel. Vanderpool v. Russell,* 426 Pa. 499, 502, 233 A. 2d 246, 247 (1967). Here the statements were made after appellant had been ad-

---

[5] Rule 221 of the Pennsylvania Rules of Criminal Procedure. The record does not indicate that appellant made any discovery requests under Rule 310.

vised of his constitutional rights four times in the previous several hours.

Appellant next contends that the trial court erred in failing to grant his motion for mistrial. John Erkinger, the victim of the assault, testified for the Commonwealth. When asked the date of appellant's separation from his wife Josephine, he replied: "It was a couple of weeks after they got married, and prior to the *beating she had which he was arrested for, but there wasn't no prosecution.*" (Emphasis added.) Appellant objected to this testimony, requesting that the testimony be stricken and a mistrial be declared. The trial court granted the motion to strike on the ground that the testimony was unresponsive to the Commonwealth's question. The motion for a mistrial was denied.

The decision whether to grant a mistrial on the ground of prejudicial testimony is initially within the sound discretion of the trial court. Cf. *Commonwealth v. Cheatham,* 429 Pa. 198, 203-04, 239 A. 2d 293, 296 (1968); *Commonwealth v. Gockley,* 411 Pa. 437, 455, 192 A. 2d 693, 702 (1963). Here the trial court responded to defendant's objection and had Erkinger's testimony stricken from the record. Upon review, we can see no reasons for disturbing the court's judgment that the unresponsive answer did not require a mistrial.

Appellant challenged the admission of photographs of the scene of the crime which included views of the body of the deceased. In *Commonwealth v. Powell,* 428 Pa. 275, 241 A. 2d 119 (1968), we held that the test for determining admissibility of photographic evidence is "whether or not the photographs are of such essential evidentiary value that their need clearly outweighs the likelihood of inflaming the minds and passions of the jurors." Id. at 278-79, 241 A. 2d at 121; accord,

*Commonwealth v. Wilson,* 431 Pa. 21, 31, 244 A. 2d 734, 740 (1968), cert. denied, 393 U.S. 1102, 89 S. Ct. 901 (1969); *Commonwealth v. Eckhart,* 430 Pa. 311, 317, 242 A. 2d 271, 274 (1968). The court sustained appellant's objections to one photograph which showed the entire body of the victim. Another photograph was admitted only after the portion showing the victim's body had been deleted. Three other photographs were admitted showing only the legs of the victim without any views of the fatal wounds. Review of the record indicates that the trial court strictly adhered to these standards.

Appellant raises contentions involving alleged errors during his cross-examination. First, appellant argues that the Commonwealth was erroneously permitted over objection to use for impeachment purposes his written confession which the Commonwealth failed to introduce during its case in chief.

We have repeatedly held that the order of presentation of evidence is a matter for the sound discretion of the trial court. The introduction of evidence by the Commonwealth after the defense rests its case which could have been offered by the Commonwealth during its case in chief is not grounds for reversal. *Commonwealth v. Libonati,* 346 Pa. 504, 511, 31 A. 2d 95, 98 (1943); *Commonwealth v. Lehman,* 309 Pa. 486, 497, 164 Atl. 526, 529 (1932); *Commonwealth v. Biddle, (No. 1),* 200 Pa. 640, 646, 50 Atl. 262, 264 (1901); 2 Henry, Pennsylvania Evidence §729 (1953). The record fails to disclose any basis for disturbing the court's ruling on this matter.

Appellant testified on direct examination that he went to see his wife to inquire whether she wanted a divorce. On cross-examination, appellant was questioned over objection concerning his knowledge of military rules for handling firearms. The Commonwealth

argues that the purpose of the questions was to help establish specific intent required for first degree murder by showing appellant's awareness of the use and dangers of firearms acquired from his prior military experience. The Commonwealth sought to prove that appellant went to see his wife with the specific intent of killing her.

The Commonwealth's questions concerning the military rules of firearms were directed at rebutting appellant's testimony and were properly within the scope of cross-examination. 2 Henry, Pennsylvania Evidence §814 (1953); McCormick, Evidence §21 (1954). On this record, the trial court properly permitted this line of cross-examination. *Commonwealth v. Schmidt*, 437 Pa. 563, 568-69, 263 A. 2d 382, 385 (1970); *Commonwealth v. Cheatham*, 429 Pa. 198, 203-04, 239 A. 2d 293, 296 (1968); *Commonwealth v. Woods*, 366 Pa. 618, 622, 79 A. 2d 408, 410 (1951).

The judgment of sentence is affirmed.