Commonwealth *v.* Aikens, Appellant.

288

Submitted March 18, 1974.   Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Michael D. Fioretti,* for appellant.

*David Richman,* Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., June 21, 1974:

Appellant, Ronald Aikens, was arrested on February 16, 1972, and charged with Forcible Rape, Statutory Rape, and Corrupting the Morals of a Minor Child. On December 7, 1972, a jury found Appellant guilty of Statutory Rape and of Corrupting the Morals of a Minor Child. Appellant filed post-trial motions in arrest of judgment or alternatively for a new trial, which motions, after argument on May 25, 1973, were denied and Appellant was sentenced to serve from two to ten years imprisonment. The case is before us on direct appeal.

Viewing the case in a light most favorable to the Commonwealth, *Commonwealth v. Tabb,* 417 Pa. 13, 207 A. 2d 884 (1965), the facts of the case are as follows:

The prosecutrix (age 15 at the time) met the Appellant (age 25 at the time), in their neighborhood while she was selling candy to raise money for church activities. The two were acquainted, Appellant having previously dated the girl's older sister. Appellant agreed to purchase some candy if the girl would accompany him to his apartment so that he could get the money to pay for it. The prosecutrix testified that she did so accompany Appellant to his apartment, and that, once inside, Appellant forced her to engage in sexual intercourse with him.

Medical testimony indicated that the prosecutrix had in fact engaged in intercourse with someone on the evening in question. The Defense called to the stand several of Appellant's friends to testify that Appellant was with them at band practice at the time of the alleged rape. The Commonwealth called in rebuttal of the alibi defense a police officer who had questioned Appellant shortly after the time of the crime. The officer testified that Appellant had told him that he, Appellant, had been in a certain bar, and then alone at home, at the time of the commission of the crime. Counsel for Appellant was unaware that Appellant had made this statement. Counsel objected to the admission of the officer's testimony, arguing that Appellant's statement to the officer was exculpatory evidence which had been suppressed by the Commonwealth—evidence which should have been produced by the prosecution in its case in chief. The trial judge permitted the officer to testify. The jury, evidently finding that Appellant engaged in sexual relations with the girl but that the act was with her consent, acquitted Appellant of Forcible Rape and found him guilty of Statutory Rape and Corrupting the Morals of a Minor Child. In his appeal, Appellant would have us find that his constitutional right to due process of law was violated when the Commonwealth "suppressed" his "exculpatory" statement until the defense had rested. This court cannot so find.

Appellant first refers us to *Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963), where Defendant's counsel had requested that the prosecution turn over for examination any extrajudicial statements in the prosecution's possession which had been made by Defendant's companion in crime. Several such statements were shown to Defendant's counsel, but one in which Appellant's companion admitted the actual homicide was withheld. The Supreme Court stated: "We now hold that the suppression by the prosecution of

evidence favorable to an accused *upon request* violated due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady* at 87 (emphasis added). Appellant apparently would have us disregard the phrase "upon request".

In *Commonwealth v. Koch*, 446 Pa. 469, 288 A. 2d 791 (1972), a case similar to the one before us, the prosecution called a police officer to testify as to certain statements (admissions) made by the Defendant to the police officer on the way to the county jail after the preliminary hearing. Defendant's counsel had made a timely pretrial request for a copy of a *written confession* signed by the Defendant. Not having been informed by the Defendant of any other statements, counsel failed to request any information concerning any oral admissions. The prosecution provided before trial exactly what the Defense had requested (a copy of the written confession), but made no mention of the oral admissions. At the trial, over objection by Defendant's attorney, the prosecution was permitted to introduce into evidence the police officer's testimony regarding Defendant's admissions. Our Supreme Court upheld the trial court's ruling.

The failure or refusal of a Defendant charged with a criminal offense to fully inform his attorney regarding his alibi defense are not grounds for reversal of a conviction. In this case, the Defendant knew that his counsel was building a defense for him on the basis that he, the Defendant, was engaged in band practice with his friends at the time the crime took place. He also knew that he had told the police officer that he was in a bar and then alone at home at the time the offense was committed. The Defendant was willing to have his unwitting counsel prepare an alibi defense which the Defendant knew was pure fabrication. The likelihood is that Appellant in the case before us deliberately

failed to inform his counsel of the statement he had made to the police officer concerning his being in a bar and then alone at home at a time that the crime was being committed. Regardless of whether the Appellant forgot to inform his counsel about his statement to the police officer or whether he deliberately refrained from informing him, the failure of the Defendant to present a timely request for a copy of the oral statement given to the police officer precludes him from now claiming that the prosecution suppressed the evidence.

Other cases cited by Appellant in his brief are inapplicable, either because the Defendant was unaware of the existence of the evidence (and therefore could not reasonably have been required to make a request for it), *United States ex rel. Almeida v. Baldi,* 195 F. 2d 815 (3d Cir. 1952), or because the Defendant had made a timely request which was denied, *Commonwealth v. Smith,* 417 Pa. 321, 208 A. 2d 219 (1965), and *United States ex rel. Butler v. Maroney,* 319 F. 2d 622 (3d Cir. 1963).

A second issue raised by Appellant involves the sufficiency of the evidence. The test for the sufficiency of the evidence is that, accepting as true all the evidence and all reasonable inferences arising therefrom upon which the fact finder could properly have based its verdict, the evidence must be sufficient in law to prove beyond a reasonable doubt that the Defendant is guilty of the crime of which he was convicted. *Commonwealth v. Clark,* 454 Pa. 329, 311 A. 2d 910 (1973). In the case before us, a medical examination disclosed that the victim had in fact engaged in intercourse within the period of time indicated. The victim's description of Appellant's apartment given to the police before Appellant's arrest coincided with the description given by a police officer at trial, indicating that the victim had indeed been inside the apartment. The preceding evidence, coupled with the victim's testimony that she

had engaged in intercourse with the Defendant in his apartment, was legally sufficient to support a conviction of Statutory Rape and Corrupting the Morals of a Minor Child.

Judgment affirmed.

SPAETH, J., concurs in the result.