405 A.2d 1276

COMMONWEALTH of Pennsylvania

v.

Herbert Mantore JOHNSON, Appellant.

Superior Court of Pennsylvania.

Submitted May 7, 1979.

Decided June 13, 1979.

Petition for Allowance of Appeal Denied Oct. 3, 1979.

8

John H. Corbett, Jr., Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before VAN der VOORT, LARSEN and LAVELLE, JJ.*

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence rendered following jury trial and verdict of guilty of murder in the second degree.[1]  Pertinent facts are that on January 20,

* Justice Rolf Larsen of the Supreme Court of Pennsylvania, and Judge John E. Lavelle of the Court of Common Pleas of Schuylkill County, Pennsylvania, are sitting by designation.

1.  "Crimes Code", Act of 1972, Dec. 6, P.L. 1482, 18 Pa.C.S. § 2502(b).

1976, a bar was robbed, during which robbery the bartender was shot and killed by one of three intruders. From information obtained from a girlfriend of one of the perpetrators who was known to the law enforcement officers, the name of appellant and his alleged involvement in the crime became known.[2] The whereabouts of appellant at the time of arrest for the instant crime were the Public Safety Building lock-up, where he was being held on an unrelated burglary charge. Arraignment for this burglary had been at 8:30 A.M., after which bail was set. Then at 10:40 A.M. he was arrested for the January homicide. Questioning followed until 11:55 A.M. when appellant confessed. A preliminary arraignment was given by the deputy coroner at 12:55 P.M. the same day.

Appellant now argues that his preliminary arraignment was defective in that it did not comport with *Pa.R. Crim.P.* Rule 140, and that consequently his statements before and after arraignment must be suppressed. Rule 140 instructs that the issuing authority shall inform a defendant of his right to counsel, to a preliminary hearing, and to bail if the offense is bailable or to the provisions for obtaining same if not bailable before the issuing authority. The issuing authority did not inform appellant as to bail. This omission however is not reversible error for several reasons. Only several hours prior to the subject arraignment, a properly conducted arraignment had been given to appellant on the unrelated burglary charge, and bail was set therein. It cannot now be said that appellant was ignorant of the possibility of an accused's obtaining bail. Also appellant does not propound any theory by which it might be said that he was prejudiced by this omission of a full compliance with Rule 140, and we cannot perceive any prejudice to him. Pertinently, his confession was voiced prior to arraignment, and freely given; recording it followed arraignment. Consequently this error relating to a procedural rule, which does

2. At the time of the giving of the information by this girlfriend, she was undergoing a pre-sentence investigation following conviction for the homicide of her boyfriend, a cohort of appellant.

not attain constitutional dimensions, is not cause for reversal.

■ Appellant further alleges that his statements should have been suppressed because they were given during an unnecessarily long delay between arrest and arraignment. *Commonwealth v. Koch*, 446 Pa. 469, 288 A.2d 791 (1972). The crucial period of time is that between arrest and the giving of the statement, because it is during such time of interrogation and holding that our system of justice requires no undue pressure to be exerted which might lead to an untruthful statement or one given involuntarily without knowledge of the right to remain silent. Such period of time in this case was slightly more than one hour, arraignment following speedily. We are not convinced that such period was unnecessarily long, realizing that appellant was being processed on another charge as well as the instant one, had to be moved from one location to another, and obliged the detectives to leave the room for a short time in order to locate and bring in his cigarettes. Appellant's statements were properly admitted.

Affirmed.