Albert S. VALENTINE, Appellant,

v.

STATE of Alaska, Appellee.

No. 4124.

Supreme Court of Alaska.

May 30, 1980.

James E. Douglas, Offices of Fred J. Baxter, Juneau, for appellant.

Larry Weeks, Dist. Atty., Daniel W. Hickey, Chief Prosecutor, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

RABINOWITZ, Chief Justice.

Albert Valentine appeals his conviction of manslaughter for the killing of nine-year-old Billy Evenson, his half-brother. The charge arose from an incident when Valentine was babysitting for his four younger siblings and a friend at their apartment in Juneau. Valentine accidentally knocked over a box, and one boy found their mother's old derringer. Everyone started playing with it; Valentine aimed the pistol at

the boys and pulled the trigger in jest. One of the boys told him that the gun did not work, and Valentine remembered hearing this from his mother, too. Billy then brought Valentine some ammunition, and Valentine loaded the gun; he went outside and pulled the trigger several times without results. He brought the loaded gun back inside and continued to play with it. According to Valentine's testimony, he did not believe the gun was pointed toward any of the children when he squeezed the trigger and the gun fired, but Billy jumped into the line of fire.[1] Valentine was sentenced to a four-year suspended sentence.

On appeal, Valentine claims error in three rulings of the superior court. He asserts that the superior court erred in denying his requested instruction on the lesser included offense of careless use of firearms; that the trial court abused its discretion in admitting into evidence two autopsy photographs; and that prejudicial prosecutorial misconduct occurred in closing argument which was not cured by the superior court's cautionary instruction.

At trial, Valentine's attorney requested a jury instruction on the lesser included offense of careless use of firearms. This request was denied after extensive discussion between the trial court and Valentine's counsel as to what interpretation was to be placed on the manslaughter and careless use of firearms statutes. We have previously set forth as general principles in considering a claim of error for failure to give a lesser included offense the following:

> Generally, it is held that the elements of the included offense must be fewer in number than the elements of the greater offense or, stated differently, that the included offense must be less than the charged offense in terms of its constituent elements. Most courts require that there be some evidence to support the lesser-included offense, and it is usually required that the punishment be less severe for the lesser-included offense.[2]

However, a lesser included offense instruction is not appropriate when the only element or elements distinguishing the two offenses is uncontestedly present upon the facts of the case. If the defendant is charged with armed robbery, for example, and the presence of a weapon is uncontested, but defendant pleads insanity, no instruction on a lesser included offense of robbery is necessary. For if the jury accepts the defendants' version, they must acquit. If not, the only alternative is to convict for the offense charged, since the uncontested evidence would contradict a conviction for the lesser offense of robbery.[3]

At the time of the offense, AS 11.15.-200(a) defined the crime of careless use of firearms.[4] In *Christie v. State*, 580 P.2d 310, 316–20 (Alaska 1978), we analyzed this "complicated tri-partite statute" in the context of a lesser included offense of assault with a dangerous weapon. Valentine claims that the superior court should have instructed the jury on the second part of the statute, which forbids "[unintentionally] discharging a firearm which is pointed or aimed, intentionally and without malice, at a person." During the course of arguments over jury instructions, Valentine's counsel noted that his client's testimony at trial amounted to an admission of a violation of the second part of the careless use statute in that Valentine was pointing the gun in the direction of his brother and others in the room during the time immediately before the discharge of the gun. As to

---

1. One of the boys, however, testified that Valentine was pointing the gun at them.

2. *Christie v. State*, 580 P.2d 310, 317 (Alaska 1978) (footnotes omitted).

3. *Id.* at 317, n. 22.

4. The statute read, in relevant part:
   A person who intentionally, and without malice, points or aims a firearm at or toward a person, or discharges a firearm . . . pointed or aimed at a person, or points and

discharges a firearm at or toward a person or object without knowing the identity of the object and maims or injures a human being, is guilty of the careless use of firearms, and upon conviction is punishable by a fine of not more than $1,000, or imprisonment for not more than one year, or by both.
This statute was repealed by § 21, ch. 166, SLA 1978, effective January 1, 1980. See note 5 *infra*.

whether Valentine was intentionally pointing the gun at his brother at the moment of discharge is not certain from the testimony. Valentine's testimony was that he did not have the gun pointed at his brother at the moment he pulled the trigger but that it was off to the side and his brother had moved into the line of fire. However, there was clearly evidence in the record to support a conviction on the lesser offense of careless use of firearms.

▌ The point of debate is on whether the elements of careless use of firearms are, under the facts of this case, within the elements of manslaughter. A resolution of this problem depends on a construction of the manslaughter statutes. At the time of the conviction, there were three statutes that defined elements of the offense of manslaughter.[5] AS 11.15.040 provided:

> Except as provided in §§ 10–30 of this chapter [first and second degree murder provisions], a person who unlawfully kills another is guilty of manslaughter . . . .

AS 11.15.080 provided:

> Every killing of a human being by the culpable negligence of another, when the killing is not murder in the first or second degree, or is not justifiable or excusable, is manslaughter, and is punishable accordingly.

AS 11.15.200(b) provided:

> If death ensues from the maiming or injuring, the person discharging the firearm may, in the discretion of the prosecuting officer or grand jury, be charged with the crime of manslaughter.

In *Keith v. State*, 612 P.2d 977, Op. No. *2099*, (Alaska 1980), we held that AS 11.15.-040 comprehended within its ambit the misdemeanor-manslaughter rule and that AS 11.15.200(b) is a codification of that rule in relation to the misdemeanor of careless use of firearms. Thus, for Valentine to be convicted, the prosecution need only prove that Valentine committed the misdemeanor of careless use of firearms and that Evenson was killed in the perpetration of that misdemeanor. Since the homicide of Evenson was an uncontested occurrence, under this misdemeanor-manslaughter theory of the crime,[6] Valentine could not be guilty of careless use of firearms without also being guilty of manslaughter. In *Christie*, we

---

**5.** These statutes were repealed by § 21, ch. 166, SLA 1978, effective January 1, 1980, as part of the implementation of the Criminal Code revision. The new manslaughter statute, AS 11.-41.120, reads:

> *Manslaughter.* (a) A person commits the crime of manslaughter if he
> (1) intentionally, knowingly, or recklessly causes the death of another person under circumstances not amounting to murder in the first or second degree; or
> (2) intentionally aids another person to commit suicide.
> (b) Manslaughter is a class A felony.

**6.** The prosecution argued both an unlawful act theory of the crime and that Valentine was criminally negligent. Valentine's jury instructions offered the alternative theories of culpable negligence and unlawful act manslaughter. The court instructed the jury, as follows, as to the crime of manslaughter in this case.

> The Indictment alleges a violation of Section 11.15.040 Alaska Statutes, the pertinent parts of which read as follows:
> [a] person who unlawfully kills another is guilty of manslaughter . . . .
> Manslaughter, in Alaska, is the unlawful killing of another, voluntary and involuntary.

Voluntary manslaughter is the commission of an act in the sudden heat of passion or anger, without legal justification, resulting in death. Involuntary manslaughter is the inadvertent or unintentional killing while committing an unlawful or culpably negligent act, which proximately is the cause for the death or another.

Manslaughter embraces a killing without malice and intent, in doing some unlawful act not amounting to a felony or naturally tending to cause death or great bodily injury, or in doing some lawful act in a culpably negligent manner, or in omitting to perform a legal duty. Thus, manslaughter is the unlawful killing of a human being without malice, either expressed or implied, and without intent to kill or inflict the injury causing death, committed accidentally in the commission of some unlawful act not felonious, or in the culpably negligent performance of an act lawful in itself.

You are hereby instructed that it is unlawful to intentionally, and without malice, point or aim a firearm at or toward a person, or to discharge a firearm so pointed or aimed at a person.

The term "culpable negligence" as used in these instructions refers to negligent acts

noted the Supreme Court of Arizona's statement:

> [I]nstructions on lesser offenses are justified only when there is evidence upon which the jury could convict of a lesser offense . . . . In other words, the state of the record must not be such that defendant can only be guilty of the crime charged or not be guilty at all.[7]

We believe the latter circumstance exists in this case, and Valentine was not entitled to an instruction on the lesser included offense of careless use of firearms.

■ As his second assignment of error, Valentine claims the superior court erred in admitting two black and white autopsy photographs which were more prejudicial than probative.[8] Upon our review of the photographs, we conclude that the superior court did not abuse its discretion in admitting the autopsy photographs. Valentine concedes that the photographs did have probative value to corroborate the medical testimony concerning the cause of death and to illustrate the path of the bullet. While we agree that this evidence was not crucial to the state's case, we do not find it so gruesome and shocking as to be "more harmful

than illuminating." *Armstrong v. State*, 502 P.2d 440, 449 (Alaska 1972).[9] As the Indiana Supreme Court said of another homicide prosecution:

> Such a subject is never a nice one to investigate. Any of the details have a decided tendency to horrify and to appall, but a court cannot arrange for lively music to keep the jury cheerful while the state's case in a murder trial is being presented, and gruesome evidence cannot be suppressed merely because it may strongly tend to agitate the jury's feelings.

*Hawkins v. State*, 219 Ind. 116, 37 N.E.2d 79, 85 (1941). Thus, we conclude that the superior court did not abuse its discretion in admitting these photographs.[10]

■ Valentine's final specification of error is that prosecutorial misconduct resulted in an improper conviction. The prosecutor, in closing argument, stated in part:

> After we get past all the tears and remorse, now, the question is, is he guilty? And, if he is guilty; if he did those things, now is the time to convict him. Not sometime in the future, but today.[11]

---

which are aggravated, reckless and gross and which are such a departure from what would be the conduct of an ordinarily prudent or careful man under the same circumstances as to be contrary to a proper regard for human life or, in other words, a disregard for human life or an indifference to consequences. The facts must be such that the fatal consequences of the culpably negligent act could reasonably have been foreseen and it must appear that the death was the natural and probable result of a reckless or grossly negligent act.

7. *Christie v. State*, 580 P.2d 310, 317 n. 22 (Alaska 1978), *quoting State v. Schroeder*, 95 Ariz. 255, 389 P.2d 255, 257 (Ariz.1964), *cert. denied*, 379 U.S. 939, 85 S.Ct. 347, 13 L.Ed.2d 350 (1964).

8. In general, Alaska R.Evid. 403 provides:

> Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

9. In *Stevens v. State*, 443 P.2d 600, 603 (Alaska 1968), *cert. denied*, 393 U.S. 1039, 89 S.Ct. 662, 21 L.Ed.2d 586 (1969), we stated:

> [A] photograph is admissible in evidence in the discretion of the trial judge, as an aid to the court or jury, after it has been shown to be a faithful representation of whatever it purports to depict, provided it is relevant, and provided its evidentiary value is not outweighed by any prejudice it might create.

10. However, in reviewing these photographs, we think it appropriate to remind trial courts that they should be open to methods of minimizing the prejudicial impact of evidence if that can be done without destroying its probative value. In this case, the most objectionable photographs showed the open and pulled back chest cavity of the young victim and included views of his head and face. *Cf. Commonwealth v. Eckhart*, 430 Pa. 311, 242 A.2d 271, 273–74 (1968) (introduction of autopsy photos held to be reversible error).

11. In his brief, appellant argues:

> [The prosecutor's statement] implies that the State had information that appellant was the type of person who would commit further serious offenses and, as a consequence, it

These statements were immediately objected to by defense counsel, and the superior court instructed the jury to disregard them.[12] We conclude that the superior court's cautionary instruction cured any possible prejudice that could have resulted from this statement and, that in the context of this case, such statement was at most harmless error under the standard we first articulated in *Love v. State*, 457 P.2d 622, 631 (Alaska 1969).

The judgment of conviction is Affirmed.

was only a question of time before he would be on trial again, unless the jury effectively removed him from society. The statement by the prosecution is not by itself grounds for reversal, given the cautionary instruction, but it needs to be evaluated in conjunction with the failure of appellant to receive a lesser included offense instruction and the introduction of the inflammatory autopsy photographs.

12. The exchange at trial was as follows:
    MR. DOUGLAS: I object to that, Your Honor. I find that objectionable.
    THE COURT: Would you please stand?
    MR. DOUGLAS: Yes, Your Honor. I don't like to interrupt the closing argument, but, now is the time to convict him, not some time in the future, I do find objectionable.
    THE COURT: I would instruct the jury not to regard that remark.