**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMILAH BALDWIN | : | |
| | : | No. 601 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence January 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012232-2015

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED MARCH 02, 2018**

Appellant, Jamilah Baldwin, appeals from the judgment of sentence of three years of probation, following a bench trial resulting in her conviction for aggravated assault and simple assault.[1]  We affirm.

In October 2015, Appellant was having an affair with Philadelphia Police Sargent Robert Billups ("Mr. Billups"), who was married to Audrey Billups ("Mrs. Billups"), also a Philadelphia police officer.  Notes of Testimony (N.T.), 1/13/2017, at 9-10, 13-15.  Mrs. Billups was standing outside of the home that she and Mr. Billups shared, when Appellant stopped her car in front of the home and asked Mrs. Billups where Mr. Billups was.  *Id*. at 9.  Mrs. Billups, who had recently completed her shift at the Philadelphia Police Department,

_____

[1] *See* 18 Pa.C.S. §§ 2701(A), and 2702(A)(4), respectively.

was still in her uniform and armed with her service weapon at the time of this interaction. *Id*. at 10. Mrs. Billups responded that Mr. Billups was probably located in the house, went inside the house, and told Mr. Billips to come outside to see why Appellant was at the house. *Id*. at 15. Mrs. Billups and Appellant exchanged words before Mr. Billups arrived outside. *Id*. at 16. Mrs. Billups called a police supervisor to come to the scene. *Id*. at 17.

As Appellant and Mrs. Billups exchanged more words, Appellant asked whether Mrs. Billups had called the police. *Id*. at 18. When Mrs. Billups confirmed that she had in fact called the police, Appellant responded that Mrs. Billups would "need [the police] because I'm about to light this block up." *Id*. Mrs. Billups responded by patting her service weapon and stating that she did not need the police, that she could protect herself. *Id*. Mr. Billups then removed Mrs. Billups' service weapon from her possession. *Id*. at 18-19.

Appellant and Mrs. Billups approached each other, and Mrs. Billups felt Appellant strike her with something hard on her side and on the back of her head. *Id*. at 19-20. Mrs. Billups then began punching Appellant with a closed fist. *Id*. at 23. When the women separated, Appellant threw a rock in a sock at Mrs. Billups, but missed. *Id*. at 22-27, 66, 84-89. As police arrived at the scene, Appellant entered her vehicle and attempted to drive away; however, she was stopped by police. *Id*. at 26-27. As a result of the confrontation, Mrs. Billups required three stitches for one laceration on her head and four stitches for a second laceration on her head. *Id*.at 28-29.

In the bills of information, among other charges, Appellant was charged with simple assault, 18 Pa.C.S. § 2701(A)(1)-(3); aggravated assault, 18 Pa.C.S. § 2702(A)(1) (attempting to cause serious bodily injury to another, or causing such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life – graded as a first-degree felony); and aggravated assault, 18 Pa.C.S. § 2702(A)(4) (attempting to cause or intentionally or knowingly causing bodily injury to another with a deadly weapon – graded as a second-degree felony). Information, 12/8/2015.

Following trial in January 2017, the trial court, sitting without a jury issued the following statement announcing its verdict:

> Based on the testimony and the evidence and based upon all that I believe and see as fair, based upon the witnesses and I believe the Commonwealth witness herself, a police officer, who is hit first by this defendant. I find you guilty.

*Id*. at 111-12. The court found Appellant guilty of simple assault graded as a second-degree misdemeanor and aggravated assault graded as second-degree felony.[2] That same day, Appellant was sentenced to two, concurrent, three-year terms of reporting probation. Appellant timely appealed. No Pa.R.A.P. 1925(b) statement was ordered, and no opinion was filed by the

---

[2] During the pronouncement of the verdict, the trial court erroneously announced that Appellant was convicted of simple assault as a misdemeanor of the first degree. *Id*. at 112. However, Appellant's sentencing order reflects that Appellant was sentenced to simple assault as a second degree misdemeanor. Sentencing Order, 1/13/2017.

trial court, as the judge presiding over the matter was no longer sitting. Letter, 4/7/2017, from Penelope Graves, Appeals Unit, to Joseph D. Seletyn, Superior Court Prothonotary.

Appellant presents the following questions for our review:

1.    Was the court's verdict in this waiver trial flawed by its having given more weight to the complainant's testimony, the complainant being a police officer?

   a. In spite of trial counsel's waiver of this claim, appellant may raise it on direct appeal since it occurred as the court rendered its verdict and it shows the court was not an impartial judge of the facts in this case where the overriding issue was credibility?

2.    Although the complainant was a police officer she was not on duty when this purely personal fight occurred for purely personal reasons could the complainant's status as a police officer elevate the crime involved to aggravated assault?

3.    Was the evidence sufficient to sustain the verdict of aggravated assault assuming the complainant's status as a police officer did not cause it to be an aggravated assault?

Appellant's Brief at 4 (some formatting applied).

In her first issue and accompanying sub-issue, Appellant suggests that the trial court exhibited bias towards Mrs. Billups as allegedly evidenced by its mention of her position of police officer in finding Mrs. Billups' testimony credible.  Appellant's Brief at 11-14.  Specifically, Appellant argues that the trial court should have recused itself from the proceeding.  *Id*. at 16-19.  As Appellant concedes, this claim is waived for failure to raise an objection before the trial court.  *Id*. at 15; *see Lomas v. Kravitz*, 170 A.3d 380, 390 (Pa. 2017) ("[A] party must seek recusal of a jurist at the earliest possible moment,

*i.e.*, when the party knows of the facts that form the basis for a motion to recuse. If the party fails to present a motion to recuse at that time, then the party's recusal issue is time-barred and waived."); *see also Commonwealth v. Griffin*, 804 A.2d 1, 11 (Pa. Super. 2002) (recognizing that appellant's failure to raise the issue of the trial court's alleged bias before the trial judge resulted in waiver of the claim); *Commonwealth v. Johnson*, 719 A.2d 778, 790 (Pa. Super. 1998) (finding appellant's failure to move to recuse trial judge after the facts allegedly establishing bias came to appellant's attention constituted waiver). Accordingly, Appellant's first issue and sub-issue are waived.

In her second and third issues, Appellant challenges the sufficiency of the evidence in her conviction for aggravated assault. Appellant's Brief at 20-24. Both of Appellant's claims are waived, as each claim contains an assertion of error based upon statutes for which Appellant was not convicted. Appellant thereby failed to develop an argument for meaningful review. Pa.R.A.P. 2119(a); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (holding that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived") (citations omitted). Appellant was charged with both first-degree felony aggravated assault, 18 Pa.C.S. § 2702(A)(1), and second-degree felony aggravated assault, 18 Pa.C.S. § 2702(A)(4). Appellant was convicted of second-degree

felony aggravated assault. Therefore, Appellant was convicted under 18 Pa.C.S. § 2702(A)(4).

Specifically, Appellant argues in her second claim that Mrs. Billups was not in the performance of her duty as a police officer when the altercation occurred and accordingly, the evidence was insufficient for Appellant to be convicted under 18 Pa.C.S. § 2702(A)(2) (attempting to cause or intentionally, knowingly or recklessly causing serious bodily injury to [a police officer] while in the performance of duty – graded as a felony of the first degree). Appellant was neither charged with nor convicted of this crime, and her second issue is waived for lack of development. *Johnson*, 985 A.2d at 924.

In her third claim, Appellant analyzes the sufficiency of the evidence of her aggravated assault conviction pursuant to 18 Pa.C.S. § 2702(A)(1) (attempting to cause serious bodily injury to another, or causing such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life – graded as a first-degree misdemeanor). Again, Appellant was neither charged with nor convicted of this crime, and her second issue is waived for lack of development. *Johnson*, 985 A.2d at 924. Moreover, the evidence presented, that Appellant repeatedly hit Mrs. Billups on the head with a rock inside of a sock, was sufficient to establish that Appellant intentionally caused bodily injury to Mrs. Billups with a deadly weapon. *Commonwealth v. Eckhart*, 242 A.2d 271, 272 (Pa. 1968) (recognizing that "use of a rock upon decedent's head constitutes use of a deadly weapon upon a vital part of the body.")

Judgment affirmed.  Jurisdiction relinquished.

Judge Lazarus joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/2/18